IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS EDWARD CAMPBELL                                                       PLAINTIFF

VS.                                           CIVIL ACTION NO. 3:17cv185-FKB

NURSE SMITH, et al.                                                     DEFENDANT

## ORDER

Thomas Edward Campbell, formerly a state prisoner, brought this action pursuant to 42 U.S.C. § 1983 alleging inadequate medical care by prison officials. Presently before the Court is Defendants' motion for summary judgment. [46]. Having considered the motion and the competent summary judgment evidence of record, the Court concludes that the motion should be granted in part and denied in part.

Campbell's claims arise out of his time at East Mississippi Correctional Facility (EMCF), where Defendant Rolando Abangan was a physician and where Defendants Unquire Smith and Kimberly Townsend were employed as nurses. Plaintiff's allegations, as set forth in his sworn statements and his testimony at the omnibus hearing, are as follows. Campbell has a history of gastrointestinal bleeding and abdominal surgery. On the evening of June 17, 2016, he was vomiting blood and passing blood in his urine. Around 9:00 or 10:00 p.m., Campbell left his cell to seek help from Defendant Smith, who was making the rounds for medication distribution. Campbell told Smith that he was vomiting blood and passing blood and that he needed to go to the infirmary. Smith responded that he would come back when he finished the medication distribution and take him to the medical clinic. Campbell went back to his

cell, but Smith never returned. Campbell continued to experience bleeding throughout the night, along with weakness and periods of unconsciousness. By the following morning, Campbell, who by this time was passing blood in his stool, got the attention of Officer Dear. Dear called the medical clinic to request that he be transported there. According to Plaintiff, Defendant Townsend, who was in the clinic, responded to the request by refusing to come and get Plaintiff. Officer Dear then called a "code blue," which resulted in transport of Campbell to the clinic. Clinic personnel sent him to the hospital, where he underwent blood transfusions and stomach surgery. When Campbell returned to EMCF, Dr. Abangan waited six days before prescribing him any pain medication. When Dr. Abangan did finally write a prescription, it was for a lower dosage than Plaintiff had been receiving in the hospital.

In support of their motion for summary judgment, Defendants have submitted Campbell's prison medical file. [49]. However, there is no affidavit accompanying the records to authenticate them. Thus, they are not competent summary judgment evidence, and the Court has not considered them in ruling on the motion.

In order to succeed on his claims, Campbell must establish that Defendants were deliberately indifferent to his serious medical needs. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference is a high standard; to establish it, a prisoner must show that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*,

2

239 F.3d 725, 756 (5th Cir. 2001).   Furthermore, where the alleged deliberate indifference resulted in a delay in treatment, a prisoner much show that the delay resulted in substantial harm.  *Coleman v. Sweetin*, 745 F.3d 756, 765-66 (5th Cir. 2014).

Plaintiff's claim against Townsend fails under this standard.  Neither in his sworn statements nor in his testimony is there any evidence that Campbell suffered harm from the brief delay that may have resulted from Townsend's initial refusal to have him transported to the medical clinic.  Accordingly, the motion is granted as to Townsend.

Campbell testified that he informed Smith of a serious medical need and that Smith failed to respond, causing Campbell to suffer for approximately nine hours without treatment.  Plaintiff's version of these events creates a factual issue as to whether Smith's actions evinced a wanton disregard for his need for medical attention.  For this reason, the motion is denied as to Smith.

Campbell alleges that Dr. Abangan waited six days before writing him a prescription for pain medication and then prescribed an insufficient amount.  Campbell's allegations regarding the dosage of his pain medication fail to state a claim for deliberate indifference. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) (disagreement over treatment does not give rise to a constitutional claim).  On the other hand, Campbell's allegation that Dr. Abangan was responsible for a six-day delay in his receiving any pain medication is sufficient to state a claim of deliberate indifference.  Defendants state in their brief that the medical records establish that Dr. Abangan ordered pain medication for Campbell on his first day back from the hospital.  However,

these records are not properly before the Court.  For this reason, the motion as to Dr. Abangan is denied, but without prejudice to refiling a properly-supported motion.

So ordered, this the 4th day of March, 2020.

s/ F. Keith Ball_____  
United States Magistrate Judge