IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS EDWARD
CAMPBELL                                                                          PLAINTIFF

VS.                                                       CIVIL ACTION NO. 3:17cv185-FKB

NURSE SMITH, et al.                                                              DEFENDANT

## ORDER

      Thomas Edward Campbell, formerly a state prisoner, brought this action pursuant to 42 U.S.C. § 1983 alleging inadequate medical care. His claims arise out of a gastric bleed and subsequent emergency surgery in June of 2016; further details of those claims are set out in this court's order of March 4, 2020. [50]. In that order, the Court granted Defendants' summary judgment motion as to Defendant Kimberly Townsend and denied the motion as to Defendant Unquire Smith. The motion was denied without prejudice as to Plaintiff's claim against Dr. Rolando Abangan concerning an alleged six-day delay in providing pain medication.[1] Presently before the Court is Dr. Abangan's renewed motion for summary judgment [51] and the motion of Unquire Smith for reconsideration [52]. The Court concludes that Dr. Abangan's motion should be granted and that Defendant Smith's motion should be denied.

      In support of his renewed motion, Dr. Abangan has provided authenticated copies of Plaintiff's medical records. The records indicate that on June 29, 2016, the day Plaintiff returned from the hospital following his surgery, Dr. Abangan approved a prescription for Norco for pain. [49] at 8-9. Thus, it is clear that Dr. Abangan was not

---

[1] The Court concluded that Plaintiff's allegation that Dr. Abangan prescribed an inadequate dosage of his pain medication failed to raise a constitutional issue.

the cause of the alleged delay in Plaintiff's obtaining pain medication.  For this reason, Dr. Abangan's motion is granted, and the claim against him is dismissed.

Plaintiff alleges that Defendant Smith knew he was bleeding and in need of medical attention but nevertheless failed to obtain assistance for him, causing a delay in treatment by approximately 12 hours, as well as increased suffering during this period.  In his motion for reconsideration, Smith cites to the proposition, set out in the previous order, that where the alleged deliberate indifference is a delay in treatment, a prisoner must show that the delay resulted in substantial harm.  See [50] at 3 (citing *Coleman v. Sweetin*, 745 F.3d 756, 765-66 (5th Cir. 2014)).  Smith argues that there is no evidence that the delay occasioned by him resulted in substantial harm.  Apparently Smith is relying on the absence of evidence that Plaintiff's need for emergency surgery was caused by the delay.  But suffering as a result of delay can itself constitute substantial harm.  *Easter v. Powell*, 467 F.3d 459, 464-65 (5th Cir. 2006).  Some evidence supports that Smith's inaction may have caused Plaintiff to suffer approximately 12 hours from bleeding, weakness, and periods of unconsciousness.  And the medical records indicate that when Plaintiff was finally seen at the emergency room, he was suffering from acute anemia and hemorrhagic shock.  [49] at 3.  This evidence, as well as Plaintiff's own sworn statements, creates a genuine dispute as to material facts, precluding summary judgment in Smith's favor.  For this reason, Defendant Smith's motion for reconsideration is denied.

A new trial date for Plaintiff's claim against Defendant Smith will be set by separate order.

So ordered, this the 6th day of May, 2020.

                                                s/ F. Keith Ball
                                                United States Magistrate Judge